PER CURIAM.
This court is without jurisdiction to consider this appeal due to the untimely filing of the notice of appeal. See Fla. R.App. P. 9.140; Fla. R.Crim. P. 3.850(h). Because counsel for Jarrish Outlaw filed the motion for rehearing more than fifteen days after service of the final order, it did not toll the time for filing the appeal, regardless of the fact that the postconviction court chose to address that untimely motion for rehearing. See Reid v. Cooper, 955 So.2d 31, 32 (Fla. 3d DCA 2007) (holding that an untimely motion for rehearing is a nullity and does not toll the time in which to file an appeal).
This dismissal is without prejudice to counsel filing a motion in this case number for a belated appeal, observing all the requirements of Florida Rule of Appellate Procedure 9.141(c), including the submission of an affidavit or sworn pleading by counsel with first-hand knowledge of the facts giving rise to the application for a belated appeal.
Dismissed.
CASANUEVA, WALLACE, and CRENSHAW, JJ., Concur.